IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TERESA ECHEVERRIA,              )
                                )
        Plaintiff,              )
                                )
v.                              )        1:22-cv-882 (LMB/IDD)
                                )
SPECIALIZED LOAN SERVICING, LLC, et al.,  )
                                )
        Defendants.             )

<u>MEMORANDUM OPINION</u>

Pending before the Court is Defendants' Motion to Dismiss Amended Complaint, which defendants Specialized Loan Servicing, LLC ("Specialized Loan Servicing") and Gulf Harbour Investments Corporation ("Gulf Harbour") (collectively, "defendants") filed on August 31, 2022. [Dkt. No. 7]. Defendants provided <u>pro se</u> plaintiff Teresa Echeverria ("plaintiff") with a clear notice in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of her right to respond and warning that the motion could result in her First Amended Complaint ("Amended Complaint") being dismissed if she failed to respond. [Dkt. No. 7] at 1 n.1. As of close of business on December 16, 2022, plaintiff has neither filed an opposition to defendants' motion to dismiss nor requested additional time to respond.

For the reasons stated below, defendants' uncontested motion to dismiss will be granted, and the Amended Complaint will be dismissed with prejudice.

I. DISCUSSION

Proceeding <u>pro se</u>, plaintiff originally filed this civil action against the defendants in the Circuit Court for Fairfax County based on their allegedly "unlawful attempts to collect delinquent home mortgage debts allegedly owed by [p]laintiff" and secured by real property that

she owns on Birch Street in Falls Church, Virginia. [Dkt. No. 6] ¶¶ 1, 10. After defendants removed this civil action to this Court, plaintiff filed a three-count Amended Complaint alleging civil conspiracy (Count I), failure to provide proof of standing to collect (Count II), and failure to provide a loan modification (Count III). Among its often inconsistent claims,[1] the Amended Complaint alleges that defendants refused plaintiff's requests to "validate the alleged debt," failed to provide proof that they have been assigned the deed of trust and promissory note at issue, and attempted to collect on the debt and threatened to foreclose on the property in violation of Virginia and federal law. Id. ¶¶ 1, 4, 18-19.

Defendants have moved to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Rule 12(b)(6) requires a court to dismiss a complaint if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although allegations in a pro se complaint are construed liberally, a pro se complaint must still allege a plausible claim for relief. Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016).

As defendants point out, at the core of Counts I and II of the Amended Complaint, despite their references to conspiracy and fraud, is plaintiff's claim that defendants do not have

---

[1] The Amended Complaint's description of the debt at issue is inconsistent. On one hand, plaintiff appears to contest the existence of any outstanding debt, as she "disputes [that] any debt is owed to [d]efendant[] [SLS] or any other [d]efendant," [Dkt. No. 6] ¶ 7, and maintains that "the mortgage note has been paid in whole or in part or more [by] undisclosed party (ies) [sic] who, prior to or contemporaneously with the closing on the 'loan,' paid the original lender in exchange for certain unrecorded rights to the revenues arising out of the loan documents," id. ¶ 20. On the other hand, plaintiff appears to acknowledge that some debt is outstanding in which defendants have an interest, as she complains in Count III that defendants unlawfully refused to "provide a loan modification" to her. Id. ¶ 26.

2

the authority either to collect on the loan or foreclose on her property because they have refused to "validate the alleged debt" or "provide clarification as to who owned or held the subject promissory Note and Security Deed of Trust," and have failed to produce the "original Promissory Note . . . and proof of chain of title." [Dkt. No. 6] ¶¶ 4, 18. Regardless of how plaintiff has pleaded her claims, these types of "show me the note" claims are not cognizable under Virginia law. As numerous courts have held, Virginia is a non-judicial foreclosure state, and a noteholder need not prove its authority to foreclose before initiating foreclosure, such as by producing the original note. See, e.g., King v. Fed. Home Loan Mortg. Corp., No. 1:18-cv-672 (LMB/IDD), 2018 WL 3453455, at *4 (E.D. Va. July 17, 2018) (observing that "'show me the note' claims that attempt to force a forecloser to prove standing may not be brought" in Virginia); Jesse v. Wells Fargo Home Mortg., 882 F. Supp. 2d 877, 880 (E.D. Va. 2012); Reyes v. Wells Fargo Bank, N.A., No. 1:13-cv-547, 2013 WL 3874527, at *2 (E.D. Va. July 24, 2013). Therefore, plaintiff's "show me the note" claims will be dismissed.

The Amended Complaint also contains other claims, none of which have any merit. Count I alleges civil conspiracy, specifically that defendants "engaged in an unlawful combination and conspiracy to collect on the [p]laintiff's home loan for the purpose of unjustly enriching themselves in violation of the law." [Dkt. No. 6] ¶ 13. To state a claim for civil conspiracy in Virginia, a complaint must allege "(i) an agreement between two or more persons (ii) to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, which (iii) results in damage to [the] plaintiff." Firestone v. Wiley, 485 F. Supp. 2d 694, 703 (E.D. Va. 2007). A claim for civil conspiracy requires an allegation that some underlying tort was committed. Dunlap v. Cottman Transmission Sys., LLC, 754 S.E.2d 313, 317 (Va. 2014). And at the motion to dismiss stage, a "[p]laintiff must at least plead the requisite concert of

3

action and unity of purpose in more than mere conclusory language." Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003) (internal quotations omitted). As defendants correctly argue, the Amended Complaint "contains only conclusory or general allegations of conspiracy, which are insufficient to withstand a motion to dismiss," as plaintiff does not provide any details showing that there was an agreement between the defendants to achieve an unlawful purpose or a lawful purpose by unlawful means. Firestone, 485 F. Supp. 2d at 703-04; see Grenadier v. BWW L. Grp., No. 1:14-cv-827 (LMB/TCB), 2015 WL 417839, at *11 (E.D. Va. Jan. 30, 2015), aff'd, 612 F. App'x 190 (4th Cir. 2015). For these reasons, Count I will be dismissed.

Count II appears to allege fraud based on defendants' "false representations" that they "were the owner of the Trust Deed and Note as either Trustee or Beneficiary regarding [p]laintiff's real property," which defendants "knew at the time they made these representations to [p]laintiff that they were untrue and were attempting to sell on [p]laintiff's Trust Deed and Note that they had no right to do so." [Dkt. No. 6] ¶¶ 21-23. Although couched as fraud, this claim appears to be no more than a "show me the note" claim. Even if construed as an allegation of fraud, Count II fails to state an actionable fraud claim under Virginia law, which requires that the complaint allege that "the defendant intentionally and knowingly made a false representation of a material fact with intent to mislead the plaintiff, and that the plaintiff's reliance on the false representation resulted in damages." Suggs v. M & T Bank, 230 F. Supp. 3d 458, 463-64 (E.D. Va. 2017). To survive a motion to dismiss, the complaint must "state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b), including "the time, place, and contents of the false representations[.]" Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (internal quotations omitted). Because Count II offers only conclusory

4

factual allegations and does not provide any specificity about the alleged false statements, it fails to state a claim for fraud. In sum, whether viewed as a "show me the note" claim or a claim for fraud, Count II will be dismissed.

Count III alleges that "[d]efendant [sic] has violated its contract with the United States Government and Virginia law to provide a loan modification consideration to the [p]laintiff" and lists eighteen alleged violations, such as "failing to perform proper loan modification underwriting," "failing to adequately train staff responsible for loan modifications," and "wrongfully denying modification applications." [Dkt. No. 6] ¶ 26. The purported violations also include various alleged misrepresentations by defendants, such as "providing false or misleading information to borrower while referring loans to foreclosure during the loan modification application process" and "falsely advising borrower that they must be at least 60 days delinquent in loan payments to qualify for a loan modification." Id.

Even construed generously, Count III lacks any basis. For example, it fails to identify any legal or statutory right to a loan modification under Virginia law. Plaintiff's claims cannot be brought as part of a tort claim, such as negligence, because there is "no freestanding common law duty in Virginia to grant a loan modification[.]" Willner v. Dimon, 849 F.3d 93, 113 (4th Cir. 2017). Nor are the allegations of misrepresentations cognizable as fraud claims, because the Amended Complaint offers no more than conclusory allegations that defendants made false or misleading statements. The Amended Complaint also fails to assert failure to provide a loan modification as a breach of contract claim, because it does not contain facts showing any contractual obligation that required defendants to review, process, or grant plaintiff's loan modification request, other than vague allegations of a "contract." See Davis v. Specialized Loan Servicing LLC, No. 3:17-cv-787, 2018 WL 3352647, at *7 (E.D. Va. July 9, 2018)

("[Without a] contractual obligation for a servicer to offer a homeowner a loan modification, . . . an individual cannot file suit against a lender for failure to enter into, to review, or to process a loan modification agreement—neither via breach of contract nor via breach of duty of good faith and fair dealing." (quoting Parris v. PNC Mortg., No. 2:14cv142, 2014 WL 3735531, at *6 (E.D. Va. July 28, 2014))); Sherman v. Litton Servicing, L.P., 796 F. Supp. 2d 753, 764 (E.D. Va. 2011); Puerto v. Bayview Loan Servicing, LLC, No. 1:17-cv-1281 (AJT/TCB), 2018 WL 11236203, at *3 (E.D. Va. Feb. 2, 2018).

Count III also does not identify any federal law to support its claims. Although plaintiff's assertion that defendants violated "its contract with the United States Government" is difficult to understand, to the extent that the Amended Complaint is alleging a violation of rights under the federal Home Affordable Mortgage Program ("HAMP"), the claims will be dismissed. As this Court has held, "participating loan servicers are obligated to comply with HAMP guidelines in order to receive servicer benefits," but "HAMP does not create a private right of action for borrowers against lenders and servicers." Grenadier, 2015 WL 417839, at *5 (quoting Bourdelais v. J.P. Morgan Chase, No. 3:10-cv-670, 2011 WL 1306311, at *3 (E.D. Va. Apr. 1, 2011)). Even though plaintiff is proceeding pro se, the Court will not attempt to fashion additional claims for her based on defendants' alleged failure to provide a loan modification. See Bing v. Brivo Sys., LLC, 959 F.3d 605, 618 (4th Cir. 2020) (observing that "liberal construction" of a pro se pleading "does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure"). For these reasons, Count III will also be dismissed.

Finally, although not pleaded as an enumerated count, the Amended Complaint challenges defendants' refusal to respond to plaintiff's "written request for a debt validation" under the Fair Debt Collection Practices Act ("FDCPA"). [Dkt. No. 6] ¶ 5. Although the

FDCPA provides for the validation of debts upon a consumer's request, see 15 U.S.C. § 1692g, the FDCPA generally only regulates debt collectors, not creditors, and the Amended Complaint has not alleged that defendants are debt collectors within the meaning of the statute. A "debt collector" is defined as a person "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Among other exceptions not relevant here, a debt collector does not include persons attempting to collect any debt owed or due another "to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement . . . (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor." 15 U.S.C. § 1692a(6)(F). Accordingly, courts in this district have held that "mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." Jesse, 882 F. Supp. 2d at 879 (quoting Scott v. Wells Fargo Home Mortg. Inc., 326 F. Supp. 2d 709, 718 (E.D. Va. 2003)); see, e.g., Schmidt v. Wells Fargo Home Mortg., No. 3:11-cv-059, 2011 WL 1597658, at *4 (E.D. Va. Apr. 26, 2011), aff'd, 482 F. App'x 868 (4th Cir. 2012); Klar v. Fed. Nat'l Mortg. Ass'n, No. 3:13-cv-00462-JAG, 2014 WL 412533, at *7-8 (E.D. Va. Feb. 3, 2014); see also Henson v. Santander Consumer USA, Inc., 817 F.3d 131, 136 (4th Cir. 2016) (observing that 15 U.S.C. § 1692(a)(F)(iii) "was intended by Congress to protect those entities that function as loan servicers for debt not in default").

Here, the Amended Complaint alleges that SLS is a "mortgage servicing company" engaged in "buying, selling, securitizing and/or servicing mortgages," and therefore FDCPA claims cannot be brought against it. [Dkt. No. 6] ¶ 10. As for Gulf Harbour, the Amended

Complaint does not allege that Gulf Harbour is a debt collector within the meaning of the FDCPA. Accordingly, plaintiff's FDCPA claims will be dismissed.

Because none of plaintiff's claims have any merit, the Amended Complaint will be dismissed. Although "leave to amend should generally be granted in light of this Circuit's policy to liberally allow amendment," a court "may deny leave to amend when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 293 (4th Cir. 2018) (internal quotations omitted). Plaintiff has previously been granted an opportunity to amend her complaint. Given the lack of specificity in the Amended Complaint and plaintiff's failure to respond to defendants' motion to dismiss, which suggests that she has abandoned this litigation, the Court finds that further amendment would be futile. Accordingly, dismissal of the Amended Complaint will be with prejudice.

## II. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Amended Complaint will be GRANTED and plaintiff's First Amended Complaint will be dismissed with prejudice by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 19 day of December, 2022.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge